**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD BLOOMGARDEN, | No. 12-55830 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01426-DSF-OP |
| v. | |
| BUREAU OF PRISONS; STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 1, 2013[**]

Before:  HAWKINS and FISHER, Circuit Judges, and ZOUHARY, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Appellant Howard Bloomgarden appeals the district court's administrative closure of his challenge to his transfer from federal to state custody. The Interstate Agreement on Detainers Act (IAD) provides for the transfer of prisoners between states, and between federal and state custody. 18 U.S.C. app. 2 § 2. When the federal government transfers a prisoner to state custody, the IAD provides for a 30-day period before the transfer during which the Attorney General "may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner." 18 U.S.C. app. 2 § 2, art. IV(a). In an earlier appeal, we held that Bloomgarden was transferred without the opportunity to request that the Attorney General disapprove his transfer and we remanded with instructions that "Bloomgarden may file a motion with the U.S. Attorney General . . . requesting the Attorney General exercise his discretion to disapprove Bloomgarden's transfer to California. The Attorney General shall promptly review Bloomgarden's motion and shall notify Bloomgarden and the California district court of his decision." Bloomgarden filed such a motion, which was denied by the warden of the federal prison where Bloomgarden had previously been in custody. The district court then closed Bloomgarden's case.

Bloomgarden argues the warden lacked authority to decide his motion under both the IAD and this court's prior order. He also argues that the warden was

biased against him, that the warden improperly denied his motion on the merits and that he should be returned to Texas and appointed counsel. Bloomgarden's contentions lack merit, and we affirm.

**1.** The Attorney General is permitted by statute to delegate his duties, *see* 28 U.S.C. § 510, and has delegated decisions regarding transfers under the IAD to the Director of the Bureau of Prisons (BoP), *see* 28 C.F.R. § 0.96, who has in turn delegated such decisions to the warden in charge of the institution where the affected prisoner is being held, *see* BoP Program Statement 5800.15, Correctional Systems Manual § 611(a) (July 1, 2009). Certain duties are non-delegable, but Bloomgarden offers no evidence that ruling on IAD transfers is such a duty. On the contrary, the mere fact that a duty has been vested in the Attorney General "evinces no intention whatsoever to preclude delegation." *United States v. Giordano*, 416 U.S. 505, 513 (1974). We therefore reject Bloomgarden's contention that the warden lacked authority, either under the IAD or our prior order, to rule on Bloomgarden's motion.

**2.** Bloomgarden next argues that, having earlier denied him his procedural rights under the IAD, the BoP was incapable of being a fair arbiter of his request to disapprove the transfer. This argument is unfounded. There is no evidence that

3

either the warden who actually decided Bloomgarden's motion or the BoP more generally was incapable of acting as a neutral arbiter.

**3.** Bloomgarden next argues that, for a variety of personal and policy reasons, the warden should have granted his request to disapprove the transfer. The IAD gives the Attorney General discretion to disapprove a transfer, and Bloomgarden identifies no authority placing any limit on the Attorney General's discretion. We reject Bloomgarden's invitation to second guess the warden's exercise of discretion. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983) (holding that a prisoner transfer regulation which "place[d] no substantive limitations on official discretion create[d] no liberty interest entitled to protection under the Due Process Clause").

**4.** We have rejected Bloomgarden's argument that he is entitled to file a new motion with the Attorney General. His request that he be returned to Texas and appointed counsel during the pendency of such a motion is therefore moot.

**AFFIRMED.**

4